UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| DAMON LAROCHE, | * | CIV 13-3019-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | DISMISSING MOTION TO |
| | * | VACATE, SET ASIDE OR |
| UNITED STATES OF AMERICA | * | CORRECT SENTENCE |
| | * | UNDER 28 U.S.C. § 2255 |
| Defendant. | * | |

**I.    INTRODUCTION**

On July 12, 2011, a grand jury indicted Damon LaRoche (LaRoche) with one count of

assaulting, resisting, and impeding a federal officer by inflicting bodily injury in violation of 18

U.S.C. § 111.  CR Doc. 1.[1]  LaRoche entered into a plea agreement to a lesser charge, waived

Indictment, and pleaded guilty.  CR Doc. 19, 22, 39.  LaRoche now has filed a pro se motion to

vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255.  CIV Doc. 1.[2]

This Court has conducted an initial evaluation of the motion, as required by the Rules Governing

Section 2255 Proceedings for the United States District Courts, and finds that the Petition is

subject to summary dismissal under Rule 4.

**II.    BACKGROUND**

LaRoche pleaded guilty to one count of assaulting, resisting, or impeding a federal officer

in violation of 18 U.S.C. § 111.  CR Doc. 19.  LaRoche admitted in a factual basis statement

---

[1]Citations to pleadings from LaRoche's criminal case, United States v. LaRoche, CR 11-30089-RAL, will be "CR Doc." followed by the document number from the Case Management/Electronic Case Filing (CM/ECF) system.

[2]Citations to pleadings from the present case, CIV 13-3019-RAL, in which this Opinion and Order is being entered, will be "CIV Doc." followed by the CM/ECF document number.

accompanying his plea agreement that on July 4, 2011, in Lyman County, South Dakota, he assaulted Bureau of Indian Affairs Agent Fred Bennett. CR Doc. 21. Agent Bennett had responded to a call concerning a passed out individual. CR Doc. 21. Agent Bennett was trying to rouse the individual when this person identified himself as LaRoche. CR Doc. 21. Agent Bennett then told LaRoche of a pending warrant for his arrest and attempted to arrest him. CR Doc. 21. LaRoche resisted arrest, scuffled with Agent Bennett, and bit Agent Bennett several times. CR Doc. 21. Agent Bennett suffered injuries from these bites. CR Doc. 21. The factual basis statement notes LaRoche's date of birth and age at the time of offense, but it does not state whether LaRoche is an "Indian" for Federal criminal law purposes or if the offense occurred in "Indian country." CR Doc. 21.

On September 7, 2011, this Court held a change of plea hearing. CR Doc. 39. At the outset of the hearing, LaRoche was placed under oath. CR Doc. 39 at 2-3. At the time of the change of plea hearing, LaRoche was thirty-six years old and had obtained a graduate equivalency degree. CR Doc. 39 at 3. He waived Indictment, stated that he was satisfied with his counsel's performance, acknowledged that he reviewed and signed the plea agreement, admitted the factual basis statement was accurate, and pleaded guilty to the charge contained in the Superseding Information. See CR Doc. 39.

On November 29, 2011, this Court held LaRoche's sentencing hearing. CR Doc. 40. Through his counsel, Laroche made five objections to the Presentence Investigation Report (PSR). CR Doc. 40 at 3. Some of the objections related to the number of bite marks and the victim impact portion of the PSR. Doc. 40 at 66-70. LaRoche had two additional objections which were more substantive. He objected to the PSR's application of the serious bodily injury enhancement under U.S.S.G. § 2A2.2(b)(2)(B). Doc. 40 at 71. This Court overruled that

2

objection. Doc. 40 at 78.

The most difficult objection concerned whether the four-level enhancement for use of a dangerous weapon under U.S.S.G. § 2A2.2(b)(2)(B) is appropriate when the alleged "dangerous weapon[s]" are the defendant's own teeth. Doc. 40 at 79-80. Defense counsel filed a Sentencing Memorandum and Request for Downward Departure, CR Doc. 27, addressing this issue in detail before sentencing. In his Sentencing Memorandum, defense counsel sought to distinguish cases that supported the Government's theory and outlined possible internal contradictions within the Guidelines and Federal assault statutes that would result should this Court adopt the Government's position. See Doc. 27. At the sentencing hearing, defense counsel argued that the dangerous weapon enhancement under the Sentencing Guidelines should not apply when the alleged dangerous weapons are the defendant's own teeth. Doc. 40 at 80-97. This Court noted the logic in Defendant's argument that a dangerous weapon ought to be something external to the body. Doc. 40 at 82-95. However, this Court felt obliged to follow the United States Court of Appeals for the Eighth Circuit's decision in United States v. Moore, 846 F.2d 1163, 1167 (8th Cir. 1988), which had found teeth to be a "deadly or dangerous weapon" under 18 U.S.C. § 111(b), the title under which LaRoche was convicted. Doc. 40 at 94-97. This Court anticipated that if teeth were a dangerous weapon in the Eighth Circuit jurisprudence under § 111, then teeth were a dangerous weapon under § 2A2.2(b)(2)(B) in the Eighth Circuit. Doc. 40 at 78, 94-97.

Based on this Court's rulings on the Defendant's objections to the PSR, and LaRoche's Category V Criminal History, this Court then calculated a Guidelines range of 63 to 78 months. Doc. 40 at 105-06. This Court observed that it had "misgivings about how we get to that offense level through teeth being considered a dangerous weapon, . . . but that does seem to be the ruling of the Eighth Circuit under the Moore case" and that "[t]he result would be different if this were

3

the Ninth Circuit, or any other circuit besides the Fourth and the Eighth." Doc. 40 at 105-06. This Court then considered the remaining factors under 18 U.S.C. § 3553 and varied downward from the Guidelines range and imposed a custody sentence of 60 months. Doc. 40 at 109. Sixty months was three months below the bottom end of the Guidelines range with the dangerous weapon enhancement and nine months above the top of the Guidelines range had this Court not considered teeth to be a dangerous weapon. Doc. 40 at 109. This sentence was "not a matter of compromise" but instead reflected this Court's judgment as what is sufficient but not more than necessary after considering the 18 U.S.C. § 3553(a) factors, the crime, and the defendant's history. Doc. 40 at 109-10.

LaRoche timely appealed his sentence to the Eighth Circuit. He argued that this Court erred when it determined that the reasoning from Moore applied to definition of "dangerous weapon" in the Guidelines and when it applied the dangerous weapon enhancement for LaRoche's use of his own teeth. United States v. LaRoche, 700 F.3d 363, 364 (8th Cir. 2012). The Eighth Circuit stated that it was "not convinced that the decision in Moore dictates the meaning of 'dangerous weapon' under § 2A2.2(b)(2)(B)." Id. The Eighth Circuit noted that Moore interpreted whether teeth were a "dangerous or deadly weapon" as used in 18 U.S.C. § 111(b), but that the Guidelines provide their own definition of "dangerous weapon." Id. Thus, whether teeth can constitute a "dangerous weapon" under the Guidelines would "require independent analysis to determine whether the term 'dangerous weapon,' as defined in the Guidelines, has the same meaning as 'dangerous weapon' in the statute at issue in Moore." Id. The Eighth Circuit did not reach that issue, however, because it concluded that even if teeth are not a dangerous weapon under § 2A2.2(b)(2)(B), any error committed by this Court was harmless. Id. This Court "made clear that it would impose the sentence of 60 months'

4

imprisonment whether or not it applied the four-level increase under § 2A2.2(b)(2)(B)." Id.

On June 17, 2013, LaRoche timely filed this Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody under 18 U.S.C. § 2255. CIV Doc. 1.

## III.   DISCUSSION

LaRoche's motion raises four grounds. Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Kelley v. United States, No. CIV. 13-4064, 2013 WL 3282945, at *2 (D.S.D. June 26, 2013).

Many of LaRoche's claims involve alleged ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To meet this two-pronged standard, the petitioner must show that "(1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005). The petitioner must "overcom[e] the strong presumption that defense counsel's representation fell 'within the wide range of reasonable professional assistance.'" Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998) (quoting Strickland, 466 U.S. at 689).

In Ground One, LaRoche claims ineffective assistance of counsel by arguing that his trial

and appellant counsel failed to investigate whether the term "dangerous weapon" as defined in the Guidelines will have the same meaning as "dangerous weapon" as defined in 18 U.S.C. § 111(b) and <u>Moore</u>, 846 F.2d 1163. CIV Doc. 1 at 7. He also argues that his attorney did not object to the four-level enhancement for dangerous weapon under § 2A2.2(b)(2)(B), although teeth, he argues, are not a dangerous weapon. CIV Doc. 1 at 7. Finally, LaRoche argues that this Court exceeded its authority, or that it simply erred, by applying the dangerous weapon enhancement for use of teeth because the Eighth Circuit left the issue of whether teeth are a dangerous weapon "unresolved[.]" CIV Doc. 1 at 7.

The record contradicts LaRoche's allegations advanced in Ground One. The argument that LaRoche contends his counsel failed to raise—that the definition of "dangerous weapon" in the Guidelines should be interpreted differently than the definition of "dangerous weapon" in 18 U.S.C. § 111(b) and <u>Moore</u>—is in fact the exact argument advanced at sentencing and on appeal. LaRoche's claim that his attorney did not object to the enhancement under § 2A2.2(b)(2)(B) is also disproved by the record. Trial counsel objected to the PSR about this issue, advanced his argument in a Sentencing Memorandum, presented argument at the sentencing hearing, and appealed on that issue. Finally, this Court did not exceed its authority by ruling on an issue of how to calculate the Guidelines range. Any error, if one existed, was harmless. <u>Laroche</u>, 700 F.3d at 364. LaRoche's claims made in Ground One are baseless and contradicted by the record.

Grounds Two, Three, and Four of LaRoche's motion all concern LaRoche's status or lack of status as an "Indian." In Grounds Two and Three, LaRoche argues that his counsel was constitutionally ineffective for not objecting to the admission of a certificate of enrollment from

6

his Indian tribe that he contended was intended as a self-authenticating document. CIV Doc. 1 at 7. He argues further that his counsel failed to argue that this certificate does not meet the requirements for a document to be self-authenticating under Rule 902 of the Federal Rules of Evidence. CIV Doc. 1 at 7.

LaRoche is factually mistaken as there was no certificate of enrollment offered or received or even discussed at his sentencing hearing. See Doc. 29, 30 (exhibit lists devoid of any mention of certificate of enrollment); Doc. 40. Any claim that LaRoche's counsel was constitutionally ineffective for not challenging the admittance of a certificate of enrollment or arguing that such a certificate cannot be self-executing is mistaken because these issues never arose.

In Ground Four, LaRoche argues that this Court lacked jurisdiction over his case because the Government never established that he was an "Indian." CIV Doc. 1 at 8. Because the Government never proved he was an "Indian," LaRoche argues that this Court could not obtain jurisdiction over him through the Major Crimes Act, 18 U.S.C. § 1153. CIV Doc. 1 at 8. LaRoche is mistaken about how this Court gained jurisdiction over him. The Major Crimes Act grants exclusive jurisdiction to federal courts for certain crimes committed in Indian Country so long as the defendant is an "Indian." See e.g., United States v. Lomayaoma, 86 F.3d 142, 146 (9th Cir. 1996). Thus, in cases charged under the Major Crimes Act, the Government must prove that the Defendant is an "Indian." United States v. Maggi, 598 F.3d 1073, 1077 (9th Cir. 2010) ("Under § 1153(a), the defendant's status as an Indian is an element of the offense that must be alleged in the indictment and proved beyond a reasonable doubt."). Here however, LaRoche was not charged with a crime under the Major Crimes Act; he was charged with assaulting a federal

officer under 18 U.S.C. § 111.  CR Doc. 1.  Convictions under § 111 do not require that the

defendant be an Indian.  See 18 U.S.C. § 111; Potter v. United States, 691 F.2d 1275, 1280 (8th

Cir. 1982) ("A violation of 18 U.S.C. § 111 requires a finding . . . that (1) [the Defendant]

forcibly resisted, opposed, impeded, intimidated and interfered with a federal law enforcement

officer; (2) that this occurred while the officer was engaged in the performance of his official

duties; and (3) that [the Defendant] did so willfully.").  Federal jurisdiction over this crime stems

from the status of the victim; the victim must be a person subject to classification as an officer

or employee of the United States as provided in 18 U.S.C. § 1114 and the victim must be

assaulted while "engaged in or on account of the performance official duties[.]"  18 U.S.C. §

111.  Thus, jurisdiction arose from the identity of the person LaRoche assaulted, who was a

federal officer engaged in the performance of his official duties, and had nothing to do with

LaRoche's status or lack of status as an "Indian."

In Ground Five, LaRoche argues that his attorney was ineffective for allowing him to

waive Indictment and be convicted by an Information.  CIV Doc. 1 at 9.  LaRoche also says that

he was "put under duress."  CIV Doc. 1 at 9.

On September 7, 2013, this Court held a change of plea hearing in which LaRoche

pleaded guilty to one count of assaulting, resisting, and impeding a federal officer in violation

of 18 U.S.C. § 111 that was contained in a Superseding Information, CR Doc. 22.[3]  During the

change of plea hearing, after this Court found LaRoche competent, LaRoche signed in open court

a Waiver of Indictment.  CR Doc. 39 at 4-5.  The Court then reviewed the Waiver of Indictment

---

[3] The Superseding Indictment contained a reduced charge of "physical contact" with
Officer Bennett rather than "bodily injury" as alleged in the Indictment.  Compare Doc. 1, with
Doc. 22.

and asked: "Mr. Laroche, is it the Waiver of Indictment that you just now signed in open court?" CR Doc. 39 at 5.  LaRoche replied "Yes."  CR Doc. 39 at 5.  The signed Waiver of Indictment states: "Damon LaRoche, the above-named Defendant, who is accused of Assaulting a Federal Officer being advised of the nature of the charge and his rights, hereby waives in open court prosecution by Indictment and consents that the proceeding may be by Information instead of by Indictment."  CR Doc. 24.  Any contention by LaRoche that he did not consent to waiving his right to prosecution through Indictment is contradicted by the record and does not entitle LaRoche to relief.

Finally, LaRoche does not explain how he was "put under duress."  CIV Doc. 1 at 7. LaRoche provides no factual support for this allegation; it is a stand-alone, wholly conclusory statement.  See CIV Doc. 1 at 9.  Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced."  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  Moreover, LaRoche answered questions at the change of plea hearing that were designed to detect if LaRoche was changing his plea under duress.  CR Doc. 39 at 12. After the questioning, this Court specifically found that LaRoche was not acting under duress. CR Doc. 39 at 13 ("The Court finds that Mr. LaRoche is not acting under duress but rather is acting on his own free will.").

III.   CONCLUSION

Therefore, it is hereby

ORDERED  that LaRoche's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is dismissed.  It is further

ORDERED that the Clerk of Court provide a copy of this Opinion and order to LaRoche.

It is further

ORDERED that no certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts will issue.  It is finally

ORDERED, ADJUDGED AND DECREED that Judgment of Dismissal in favor of the Government and against LaRoche under Rules 54 and 58 of the Federal Rules of Civil Procedure hereby enters.

Dated March 24th, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

10